UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61834-CIV-COHN/SELTZER

RODOLFO CAPOTE,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO AMEND

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 13] and Plaintiff's Motion to Amend [DE 17]. The Court has considered the Motions, the parties' related submissions, the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

This action arises out of Defendant's attempts to collect an unpaid bill from Plaintiff. The Complaint alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA") and the Telephone Consumer Protection Act ("TCPA").

The Complaint was filed on November 16, 2009. The Defendant filed its Answer, Affirmative Defenses and Jury Demand [DE 5] on December 7, 2009. On December 15, 2009, Plaintiff served his Rule 26 Disclosures. In those disclosures, Plaintiff stated that, in connection with his FDCPA claim, he is seeking damages of "up to $1,000" and "costs, litigation expenses, and attorney's fees." DE 13-1 at 2. On

January 5, 2010, Defendant sent an email to Plaintiff which offered "$1,001, plus reasonable attorney's fees and costs to settle the FDCPA claims being asserted in the Complaint." DE 13-2 at 1.

Defendant filed the Motion to Dismiss on January 21, 2010 which argues that "Defendant's offer renders moot Plaintiff's FDCPA claims. Moreover, exclusive jurisdiction over Plaintiff's TCPA and FCCPA claim[s] exist in state court." DE 13 at 2.[1] Therefore, Defendant argues that "the case must be dismissed for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." Id.

On February 15, 2010, Plaintiff filed his Motion to Amend wherein Plaintiff "seeks to amend his initial complaint to seek class action status." DE 17 at 1. On the same day, Plaintiff filed its Opposition to Defendant's Motion to Dismiss. There, Plaintiff argues that the Defendant's settlement offer did not "eliminate[ ] the case and controversy between the parties." DE 18 at 2. Accordingly, Plaintiff argues that the Motion to Dismiss be denied and requests leave to file an Amended Class Action Complaint.

## II. ANALYSIS

As a general rule, settlement of a plaintiff's claims moots the action because the plaintiff no longer has a legally cognizable interest in the outcome. See Cameron-Grant v. Maxim Healthcare Services, Inc., 347 F.3d 1240, 1244 (11th Cir. 2003); Mackenzie v. Kindred Hospitals East, LLC, 276 F. Supp. 2d 1211, 1218 (M.D. Fla. 2003).

---

[1] Where a claimant does not sustain any actual damages, the FDCPA limits the liability of a "debt collector" to "such additional damages as the court may allow, but not exceeding $ 1,000," and "costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. §§ 1692k(a)(1) – (3).

Accordingly, where a Rule 68 offer of judgment provides "all that [a plaintiff can] hope to recover through the litigation," the plaintiff's claim is moot, and the complaint must be dismissed. Ambalu v. Rosenblatt, 194 F.R.D. 451 (E.D.N.Y. 2000); see also Rand v. Monsanto Co., 926 F.2d 596 (7th Cir. 1991) ("Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake."); Murphy v. Equifax Check Servs., Inc., 35 F. Supp. 2d 200, 203 (D. Conn. 1999).

It is also well-recognized that a Rule 68 offer of judgment to a plaintiff does not moot a case brought as a class action pursuant to Rule 23 prior to a determination on class certification. See, e.g., Liles v. American Corrective Counseling Services, Inc., 201 F.R.D. 452 (S.D. Iowa July 2, 2001) (holding that defendant's offer of judgment of the maximum statutory relief available to named plaintiff under the FDCPA and the IDCPA did not render class complaint moot); Silva v. National Telewire Corp., 2000 WL 1480269 (D.N.H. Sept. 22, 2000) (offer of settlement to named plaintiff while class certification motion was pending did not extinguish live controversy); Littledove v. JBC & Assocs., 2000 WL 33141223 (E.D. Cal. Dec. 22, 2000) (Rule 68 offer did not moot FDCPA case filed as class action). In addressing such circumstances, the Supreme Court stated the following:

> Requiring multiple plaintiffs to bring separate actions, which effectively could be "picked off" by a defendant's tender of judgment before an affirmative ruling on class certification could be obtained, obviously would frustrate the objectives of class actions; moreover it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement.

3

Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339 (1980).

The one distinction in the case at bar is that Plaintiff did not originally bring the matter as a class action. Plaintiff sought leave to amend after being presented by Defendant's offer of a full settlement of Plaintiff's FDCPA claim. Nevertheless, the Court finds that the circumstances of this case require the denial of Defendant's Motion to Dismiss.

First, this case is still in its early stages. Plaintiff sought leave to amend on February 15, 2010 and the Scheduling Order [DE 10] provides that the deadline to amend the pleadings is March 12, 2010. While Plaintiff's best course would have been to file this case originally as a class action, the Defendant cannot point to a lack of diligence on Plaintiff's part that warrants dismissal.[2] For example, in Ambalu, the court dismissed a case filed as a class action based on a Rule 68 offer where the plaintiff had not moved for class certification in nearly two years of litigation. Ambalu, 194 F.R.D. at 453. Second, even assuming Defendant's offer rendered moot Plaintiff's FDCPA claim, the offer did not include Plaintiff's state law claims. Therefore, although Defendant's offer had potential consequences for the issue of subject matter jurisdiction, the offer did not extinguish Plaintiff's entire case. Accordingly, Defendant's Motion to Dismiss will be denied and Plaintiff's Motion to Amend will be granted.

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[2] Plaintiff's Opposition states that "[s]ince filing his initial complaint, Plaintiff has undertaken an investigation of the facts and determined that Defendant has committed the same violations Plaintiff alleges against other consumers in this state and Plaintiff seeks to amend his complaint to state a class action." DE 18 at 1.

1. Defendant's Motion to Dismiss for Lack of Jurisdiction [DE 13] is **DENIED**.

2. Plaintiff's Motion to Amend [DE 17] is **GRANTED**. Plaintiff is directed to electronically file a copy of the Amended Complaint as a separate docket entry.

3. Defendant shall respond to the Amended Complaint on or before **March 22, 2010**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 11th day of March, 2010.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record